UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-188

| | | |
|---|---|---|
| **SHANNON HERFORD AND DORELLY HERFORD,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| **ASPLUNDH TREE EXPERT COMPANY AND DUKE ENERGY CAROLINAS, LLC,** | ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on defendants' Motion to Strike Allegations in Plaintiffs' Complaint. Having considered the motion and reviewed the pleadings, the court enters the following Order.

The Motion asks to strike the following paragraphs from plaintiffs' Complaint (#1):

> On information and belief, in 2015, a similar lawsuit styled *Duke Energy Progress, Inc. v. John M. Kane, et al*, 15-cv-6560, was filed in Wake County, North Carolina (the "Kane Suit"), wherein the defendant answered that Duke had proposed to violate its own guidelines for tree trimming.
>
> On information and belief, the Kane Suit is still pending.
>
> On information and belief, at some point in 2016, and as a direct result of the Kane Suit, Duke disabled the link to https://www.duke-energy.com/safety/right-of-waymanagement/pec-vegetation-management-methods.asp and removed its published tree-trimming guidelines so that they are no longer available to the public in any form or manner.

> On information and belief, an expert in the Kane Suit testified that he personally read Duke's tree cutting guidelines prior to their removal from public access.
>
> On information and belief, that expert testified that Duke's guidelines clearly and unambiguously state that Duke's policy is to trim tree limbs and other vegetation back to a distance of approximately ten (10) feet from its power lines.

(#1) at ¶ 22-26. Defendants contend that the allegations made in this paragraph are irrelevant and prejudicial, and made simply for the improper purpose of being read to a jury. (#22) at 5.

Rule 12(f) governs a motion to strike the pleadings in full or in part. Rule 12(f) provides that the court "<u>may</u> strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). The use of "may" indicates that the court has substantial discretion in its decision whether to grant such a motion.

Rule 12(f) Motions are viewed with "disfavor" as the striking of a pleading is "a drastic remedy." <u>Waste Management Holdings v. Gilmore</u>, 252 F.3d 316, 347 (4th Cir. 2001). A motion to strike places a "sizable burden on the movant, and would typically require a showing that denial of the motion would prejudice the movant." <u>Miller v. Rutherford Cty.</u>, No.1:08CV441, 2008 WL 5392057, at *4 (W.D.N.C. Dec. 19, 2008) (internal citation and quotations omitted). Thus, before a motion to strike can be granted, the allegations must be the redundant, immaterial, impertinent, or scandalous type of allegations described by Rule 12(f), as well as prejudicial. See <u>Brown v. Inst. For Family Centered Servs., Inc.</u>, 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005) (citing <u>Hare v. Family Pub. Serv., Inc.</u>, 342 F.Supp. 678, 685 (D.Md. 1972).

After reviewing the pleadings, including plaintiff's response (#27), the court finds that the defendants have not met their high burden in this matter, and chooses not to exercise its discretion at this time. The court finds the allegations contained in paragraphs 22 to 26 are

indeed relevant, as they go to whether tree-trimming guidelines existed and to what degree they were violated when the defendants allegedly destroyed the white pine tree at issue in this case. Furthermore, the court does not find that substantial prejudice would result, particularly after plaintiff elaborated in their response on how and where they received the information that supported the allegations at issue. (#7) at 2-3, 5-6. Accordingly, defendants have not met their burden on this 12(f) Motion, and it will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Strike Allegations in Plaintiffs' Complaint (#21) is **DENIED**.

Signed: September 26, 2017

Max O. Cogburn Jr
United States District Judge